IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. LAROSE, SR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHICHESTER SCHOOL DISTRICT, et al. | : | No. 09-2557 |

**M E M O R A N D U M   A N D   O R D E R**

Ditter, J.                                                                            March 31, 2010

This case comes before me on the defendants' motion to dismiss the amended complaint

for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The

plaintiffs, Joseph P. LaRose, Sr. ("LaRose") and his wife Donna M. LaRose, raise federal and

state claims against the defendants, Chichester School District, Michael T. Golde, and Gregory

Bienkowski, for allegedly defamatory statements made by Golde and Bienkowski at a school

board meeting. For the reasons that follow, I must grant the defendants' motion to dismiss the

federal claims and will remand the case to state court for resolution of the state claims.

I.        FACTUAL BACKGROUND

The plaintiffs allege that LaRose was hired by Chichester School District in January 2003

as a teacher's aid and football coach, and that he voluntarily retired from those positions in

October 2006 for personal reasons. Golde was the school district superintendent between

January 2003 and November 2008; Bienkowski has been the director of student activities and

athletic director for the school district since 2007. In May 2008, the plaintiffs allege that Golde

and Bienkowski attended a school board meeting and made statements in which they accused

LaRose of stealing money from the football program and defrauding the school district during his

employment. The plaintiffs allege that the statements were false and that Golde, Bienkowski,

and others planned to make these statements public for the purpose of injuring LaRose and his family. They further allege that the false statements harmed LaRose's reputation in the community, led his sports clothing and executive placement businesses to lose profits, and caused him and his wife emotional distress.

The plaintiffs brought state law claims for defamation, disparagement, emotional distress, right to privacy, and state constitutional violations,[1] and federal law claims under the U.S. Constitution. The plaintiffs seek compensatory damages, punitive damages, and attorneys' fees and costs.

## II.      PARTIES' CONTENTIONS

The defendants contend that the plaintiffs have failed to assert any protected property, liberty, or privacy interests to establish their federal constitutional claims and, even if they did, that the plaintiffs have failed to sufficiently plead a policy or custom that would make the school district liable for any federal constitutional violations. The plaintiffs' response is not a model of clarity and fails to specifically address the defendants' contentions.[2] It appears the plaintiffs contend that LaRose has a protected property or liberty interest in his reputation and in earning an income from his private businesses and a protected right of privacy to information resulting from his employment at the school district. They also claim that the school district is liable for

---

[1] In their complaint, the plaintiffs do not differentiate between the constitutional claims being asserted under state and federal law. The plaintiffs also make claims for loss of business profits, loss of business, and loss of consortium, which all appear to be forms of damages and not separate causes of action.

[2] For example, the plaintiffs cite no case law in support of their procedural due process claim and do not even reference the statute through which such federal constitutional claims must be brought: 42 U.S.C. § 1983. The plaintiffs seem to conflate the proper standards for substantive and procedural due process claims. They also fail to cite any case, such as *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978), to support their "pattern and practice" claim against the school district.

the alleged federal constitutional violations because it engaged in a pattern and practice of allowing its school board meetings to be used as a platform for defamatory statements.

III.     JURISDICTION

This case was removed from the Court of Common Pleas of Delaware County, Pennsylvania, based on the plaintiffs' allegations that they were deprived of rights protected by the U.S. Constitution.  This court has original jurisdiction over the plaintiffs' federal constitutional claims pursuant to 28 U.S.C. § 1331.  Because I am dismissing all the federal claims against the defendants, I will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims.  28 U.S.C. 1367(c)(3).

IV.     STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the plaintiff.  A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although Rule 8 does not demand "'detailed factual allegations,' . . . . 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. *See also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."). *Iqbal*

clarified that the Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which

required a heightened degree of fact pleading in an anti-trust case, "expounded the standard for

'all civil actions.'" 129 S. Ct. at 1953.

V.      DISCUSSION

The only alleged federal claims in the amended complaint are contained in Count VII,

where the plaintiffs assert that the defamatory statements made by Golde and Bienkowski who

were acting under color of state law, deprived them of their "rights to privacy, property and

reputation," "continued employment, " and "liberty" in violation of the U.S. Constitution.

Although not clearly stated as a § 1983 claim in either the amended complaint or the response to

the motion to dismiss, this count alleges deprivations of procedural and substantive due process

rights under the Fourteenth Amendment of the U.S. Constitution.  The plaintiffs also claim that

the school district is liable because it allowed its facilities and functions to be used for public

defamation, a claim, if generously read, as one under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658

(1978).  These allegations fail to support either procedural or substantive due process claims

against Golde, Bienkowski, or the school district.[3]

A.      Procedural Due Process Claim

Due process under the Fourteenth Amendment "is the protection against arbitrary

governmental action and has procedural and substantive components." *Boyanowski v. Capital

Area Intermediate Unit*, 215 F.3d 396, 399 (3rd Cir. 2002).  To assert a claim under the

procedural component, a plaintiff must allege "(1) that the state deprived him of a protected

_____

[3] The plaintiffs' claims are essentially state tort defamation claims and do not implicate any federal
constitutional interests.

interest in life, liberty, or property and (2) that the deprivation occurred without due process of law." *Burns v. Department of Correction*, 544 F.3d 279, 285 (3d Cir. 2008).

The plaintiffs have failed to plead the deprivation of any property interest based on continued public employment. While it is possible that LaRose may have had a protected property interest in continued employment with the school district when he was still its employee, the plaintiffs allege that LaRose was no longer an employee of the school district at the time the alleged defamatory statements were made. *See Werner v. Zazyczny*, 681 A.2d 1331, 1336 (Pa. 1996) ("A governmental employee only has a personal or property right in his employment where he can establish a legitimate expectation of continued employment through either a contract or a statute.").

Likewise, the plaintiffs have failed to plead the deprivation of any liberty interest based on the harm to LaRose's reputation. The plaintiffs contend that LaRose has a protected liberty interest in reputation under *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), in which the Supreme Court stated that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.* at 437. "Courts have subsequently clarified, however, that 'reputation *alone* is not an interest protected by the Due Process Clause'" and have established the so-called "stigma-plus" test. *Hill v. Borough of Kutztown*, 455 F. 3d 225, 236 (3d Cir. 2006):

> [T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest. . . . In the public employment context, the "stigma-plus" test has been applied to mean that when an employer "creates and disseminates a false and defamatory impression about the employee *in connection with his termination,*" it deprives the employee of a protected liberty interest. . . .

When such a deprivation occurs, the employee is entitled to a name-clearing hearing.

*Id.* (internal citations omitted) (emphasis added).

The plaintiffs have not plead facts to meet the stigma-plus test because they do not allege that LaRose was terminated or constructively discharged. Even if the plaintiffs had plead a termination or constructive discharge, the alleged defamatory statements were not "in connection with" LaRose's termination because his resignation in October 2006 is not temporally connected to the statements made by Golde and Bienkowski in May 2008. *See Orleski v. Bowers*, 303 Fed. Appx. 93, 94 (3rd Cir. 2008) (unpublished opinion) ("In order to be considered 'in connection with' a termination, an allegedly defamatory statement and the firing must be at least roughly contemporaneous.").[4]

The plaintiffs also claim LaRose was deprived of a protected privacy interest when school officials, who had "special knowledge" of LaRose resulting from his employment with the school district, stated that he had stolen "money and funds" and implied that he "had hurt the school community and children within the community." The plaintiffs add that as a result of LaRose's interest in his "privacy and interest in his professional reputation,"[5] the defendants' statements "humiliated" the plaintiffs.

_____

[4] In *Orleski*, the Third Circuit held that a defamatory statement made two and a half months after the plaintiff's termination was not considered "in connection with." Although this is a non-precedential Third Circuit opinion and not binding on this court, I find its reasoning persuasive. It also helps define the boundaries of when a termination and statement are considered temporally connected by citing several other circuits: *Brennan v. Hendrigan*, 888 F.2d 189, 196 (1st Cir. 1988) (holding two-month delay fatal to due process claim); *Ewers v. Bd. of County Comm'rs*, 802 F.2d 1242, 1248 (10th Cir. 1986) (holding three-week delay fatal to due process claim); and *Ulrich v. City of San Francisco*, 308 F.3d 968, 983 (9th Cir. 2002) (holding five-day delay did not preclude due process claim). Here, a delay of one and a half years is clearly fatal to the plaintiffs' procedural due process claim.

[5] Just how there is a privacy interest in reputation, a public matter, puzzles me.

In *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), the Supreme Court recognized "the individual interest in avoiding disclosure of personal matters" as one type of privacy interest protected by the U.S. Constitution. The Third Circuit has described this privacy interest as:

> [t]he right not to have intimate facts concerning one's life disclosed without one's consent. . . . In determining whether information is entitled to privacy protection, [the Third Circuit] has looked at whether it is within an individual's reasonable expectations of confidentiality. The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny. . . . [W]e have deemed to be protected a private employee's medical information when sought by the government, medical, financial and behavioral information relevant to a police investigator's ability to work in dangerous and stressful situations, a public employee's medical prescription record, a minor student's pregnancy status, sexual orientation, and an inmate's HIV-positive status.

*C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 179 (3d Cir. 2005) (internal citations omitted). To determine whether an intrusion of privacy is justified, the court must weigh the government's interest in disclosure against the individual's privacy interest. *Id.* (*citing United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 578 (3d Cir. 1980)).

The plaintiffs do not claim injuries stemming from LaRose providing intimate facts about his life that were later disclosed by the school district without permission; rather, the plaintiffs claim injuries from statements they say were patently false. These statements by Golde and Bienkowski were not of intimate or personal matters, but concerned alleged fraud by a former employee and the fiscal health of the school district – issues of public concern to both the school district and its residents. The nature of these issues diminishes LaRose's expectation of privacy and weighs strongly against constitutional privacy protection. The plaintiffs suggest that the school district had a policy that labeled this type of information confidential, but that does not make it "private" in the constitutional sense. *See Scheetz v. Morning Call, Inc.*, 946 F.2d 202, 206

n.5 (3rd Cir. 1991) (citing a line of cases where courts refused to recognize right of privacy claims because the information was not intimate and personal enough to be entitled to constitutional protection). The plaintiffs cite no authority that recognizes "employment relations" information as protected by the U.S. Constitution, and the facts plead by the plaintiffs support no such claim.

The plaintiffs have failed to identify any deprivation by the defendants of an interest – property, liberty, privacy, or otherwise – protected by the U.S. Constitution. Since the plaintiffs failed to meet this initial burden, their procedural due process claim must be dismissed.

B.      Substantive Due Process Claim

The substantive component of due process "limits what the government may do regardless of the fairness of procedures that it employs and covers government conduct in both legislative and executive capacities." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3rd Cir. 2002). Here, the plaintiffs' substantive due process claim appears to allege executive conduct, i.e., school officials who made defamatory remarks. "The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. . . . Only if the necessary condition of egregious behavior were satisfied would there be a possibility of recognizing a substantive due process right to be free of such executive action." *Id.* at 400 (*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1992)). The history of the substantive due process doctrine teaches courts to exercise restraint in expanding its reach, since "guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

The plaintiffs fail to identify the basis for their substantive due process claim, but to the extent that they allege a liberty interest based on reputation and continued private employment, their claim must fail.[6]  The Third Circuit has held that injuries to reputation leading to the loss of future business opportunities are not sufficient to support a substantive due process claim.  *See Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3rd Cir. 2002) (finding no substantive due process violation where the plaintiff linked his business losses to a former employer's statements calling him a "crook" and blaming him for rising costs).  Therefore, the plaintiffs' substantive due process claim must be dismissed.

C.      *Monell* Claim

The plaintiffs claim that the school district is liable for federal constitutional violations because it regularly and systematically allowed its facilities and functions to be used for "public defamation and ridicule," thus depriving citizens of their "peace and good reputations."  Although a municipality may not be sued under § 1983 solely on a respondeat superior theory, it may be held liable under  § 1983 for its own established policies or customs which violate the U.S. Constitution.  *Monell v. Dep't of Soc. Svcs*., 436 U.S. 658, 694 (1978).  As described above, however, the plaintiffs have not sufficiently alleged a violation of any rights protected by the U.S. Constitution.  The plaintiffs have failed to plead facts to support any protected liberty or property interests based on continued employment, reputation, or privacy.  Even if they had plead a protected right, the plaintiffs provided only one cursory and conclusory allegation that the school

---

[6] To the extent that the plaintiffs' claim was based on continued public employment, their claim fails because substantive due process protects only those rights that are "fundamental" under the U.S. Constitution, and public employment is not a fundamental right entitled to such protection.  *Nicholas v. Pa. State Univ*., 227 F.3d 133, 1340-43 (3rd Cir. 2000).

district's conduct was regular and systematic, did not describe with specificity the policies or customs that were followed by the school district when the alleged defamatory remarks were made, and made no reference to prior similar incidents to support their *Monell* claim. Therefore, it must be dismissed.

## VI.    CONCLUSION

Accordingly, all federal constitutional claims against the defendants must be dismissed for failure to state a claim under Rule 12(b)(6), and I will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims. I will remand the case to state court for resolution of the state claims.

An appropriate order follows.